**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:17cv00217-JJV |
| NANCY A. BERRYHILL, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Mr. Johnson has appealed the final decision of the Commissioner of the Social Security

Administration to deny his claim for disability insurance benefits and supplemental security

income.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within

the meaning of the Social Security Act, because jobs existed in significant numbers which he could

perform despite his impairments.  (Tr. 21-28.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – he was only thirty-three years old at the time of the administrative hearing. (Tr. 35.) He testified he had earned a GED in school. (Tr. 36.) He has past work as a welder in the railcar industries and hanging sheet metal for an aluminum company. (Tr. 36-38.)

The ALJ[1] found Mr. Johnson met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 23.) He has a "severe" hip impairment, but the ALJ found this impairment did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 23-24.)

The ALJ determined Mr. Johnson had the residual functional capacity to perform a reduced range of sedentary work given his hip impairment. (Tr. 24-27.) Based on his residual functional capacity, the ALJ determined Mr. Johnson could no longer perform his past work. He, therefore, utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his physical limitations. (Tr. 27-28.) Based on the testimony of the vocational expert, the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ determined he could perform the jobs of lamp shade assembler and machine tending. (Tr. 24-25.) Accordingly, the ALJ determined Mr. Johnson was not disabled. (Tr. 28.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-4.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.) In support of his Complaint, Mr. Johnson argues the Commissioner's decision is not supported by substantial evidence on the record as a whole. (Doc. No. 11 at 13-19).

Mr. Johnson clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find the ALJ's opinion is supported by substantial evidence on the record as a whole.

Mr. Johnson believes the ALJ's reliance on "nontreating, nonexamining physicians" was in error. (Doc. No. 11 at 15.) But after carefully considering Mr. Johnson's argument, I find his argument to be without merit. The ALJ gave "partial weight" to the State Disability Determination Services doctors' opinions and stated that he "finds these opinions are internally consistent and well supported by a reasonable explanation of the available evidence even though these opinions failed to consider the postural limitations that follow from a major impairment such as the claimant's." (Tr. 26). Ronald Davis, M.D., and Jerry Thomas, M.D., reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for sedentary work. (Tr. 26, 63-65, 87-89.) Realizing Drs. Davis and Thomas did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions. None of Plaintiff's treating physicians have opined that he is unable to perform the physical demands of sedentary work.

Plaintiff argues that ". . . the ALJ here should have obtained evidence from Johnson's treating physicians about his residual functional capacity or, alternatively, ordered a consultative examination, rather than relying solely upon the opinions of nonexamining physicians and his own inferences." (Doc. No. 11 at 16.) But the ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) residual functional capacity opinions from his treating doctors suggests they are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Moreover, I find no indication that Plaintiff or his counsel requested that the ALJ order a consultative evaluation at any time during the administrative process. Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither; therefore, his argument is without merit.

I also find the Commissioner did not err in refusing to consider the treatment records of Jeremy P. Swymn, M.D. (Tr. 9-17.) Dr. Swymn's records - submitted after the ALJ's decision - reveal Mr. Johnson's left hip showed no abnormal deficit throughout his lower extremity and, the examination of his right hip showed no obvious sensory deficits throughout the lower extremity. (Tr. 12.) "His range of motion is pretty appropriate as compared to his other side." (Tr. 17.) The

physical exam, x-ray, and CT scan also do not reveal anything disabling.  Mr. Johnson indeed has some pain, but there is nothing objective to support his claim of complete disability.  (Tr. 10.)  Dr. Swymn ". . . doesn't see anything going on with Mr. Johnson's hip, but he is continuing to have pain with this."  (Tr. 14.)  Furthermore, Dr. Swymn says, "[T]he MRI shows that the cartilage, anchors, and labral repair appear to be intact."  (Tr. 13.) So even if the Commissioner had considered this new evidence, it would have had no impact on the ALJ's conclusion.

Plaintiff has advanced other arguments which I find are without merit.  It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I am sympathetic to Mr. Johnson's claims of disabling hip pain.  Plaintiff's counsel has done an admirable job advocating for Mr. Johnson's rights in this case, but I am unable to find reversible fault in the ALJ's opinion.  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of sedentary work.  (Tr. 20-28.)

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of March, 2018.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE